# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | EDPA |
|---|---|---|
| | : | |
| V | : | |
| | : | 2:18-cr-00304-GEKP-1 |
| ALEXIS ORTIZ CABRERA | : | |

## EMERGENCY MOTION FOR COMPASSIONATE RELEASE

Please take notice that defendant Alexis Ortiz Cabrera, by and through his attorney Robert Trimble, Esquire, respectfully moves this Court pursuant to 18 U.S.C. §3582(c)(1)(A)(i) to modify his sentence and immediately release him to home confinement.

Respectfully submitted,

*Robert Trimble /s/*

ROBERT E. TRIMBLE, P.C.
Attorney for Alexis Ortiz Cabrera
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(267) 475-8775
(215) 940-2701 (fax)
robertetrimble@yahoo.com

## MEMORANDUM IN SUPPORORT OF EMERGENCY MOTION

**BECAUSE OF MR. CABRERA'S COVID-19 DIAGNOSIS, DEFENDANT ALEXIS ORTIZ CABRERA IS AT INCREASED RISK FOR FURTHER SERIOUS MEDICAL COMPLICATIONS AND LONG-LASTING AFTER EFFECTS OF THE COVID-19 VIRUS, AND SHOULD BE RELEASED FROM CONFINEMENT, WITH HIS SENTENCE MODIFIED UNDER "COMPASSIONATE RELEASE" TO EITHER HOME CONFINEMENT WITH SUPERVISED RELEASE OR TO HOME CONFINEMENT.**

### I. Background

1. In May of 2018, the defendant, Alexis Ortiz Cabrera, was arrested and charged by way of Indictment with Conspiracy to Possess Cocaine with Intent to Distribute, 21 USC § 846 (1), Possession of Cocaine with Intent to Distribute, 21 USC § 841 (a)(1), (b)(1)(B), Attempted Possession of a Cocaine With Intent to Distribute, in violation of 21 USC §846 (3).

2. Alexis Ortiz Cabrera remained in custody from May 8th, 2018 to Approximately June 1st, 2018, when he was released on a $140,000 bond $40,000 secured by property, $100,000 O/R bond.

3. Defendant remained compliant on supervised release throughout the pendency of his case.

4. On April 24th, 2019, the defendant pled guilty before this Court to counts 1-3 of the indictment against him.

5. On September 11th, 2019, the defendant was sentenced by this Court to 60 months of imprisonment and 4 years of supervised release.

6. The defendant is currently housed at Fort Dix FCI in Fort Dix, NJ.

7. The defendant's projected release date to home-confinement pursuant to the First Step Act, with credit for time served, is April 2nd, 2024.

8. Mr. Cabrera sought relief directly from the Warden via letter mailed to Ward FCI-Fort Dix on December 3rd, 2020.

9. Mr. Cabrera's request for relief was denied via letter from Warden David E. Ortiz, dated December 28th, 2020, but not postmarked until January 12th, 2021, and received via U.S.P.S. standard mail by Undersigned Counsel on January 19th, 2021. (Attached hereto as "Exhibit 1").

10. The defendant is 24 years old and has contracted COVID-19 while in custody at Fort Dix FCI.

II. **Under the First Step Act, this Court has Broad Authority to Determine Whether Extraordinary and Compelling Circumstances Exist to Modify Mr. Ortiz Cabrera's Sentence and Release Him to Home Confinement.**

The First Step Act ("FSA") expressly permits Mr. Ortiz Cabrera to move this Court to reduce her sentence of imprisonment and seek compassionate release. 18 USC §3582(c)(1)(A)(i). Under normal circumstances (and these are far from normal circumstances), a defendant can seek recourse for compassionate release through the courts after either (1) the BOP declines to file such a motion on her behalf after being notified by the inmate to do so; or (2) there has been a lapse of 30 days from the warden's receipt of the defendant's request, whichever is earlier. *Id.* The defendant requested of the Warden of FCI Fort Dix a compassionate release on valid medical grounds. On May 21, 2020, the Warden of FCI Pekin denied Ms. Wilcox's request by letter. This motion is brought now in light of the urgent nature of the matter.

After exhausting the administrative process, "a court may then 'reduce the term of imprisonment' after finding that 'extraordinary and compelling reasons warrant such a

reduction. And 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'" 18 U.S.C. § 3582(c)(1)(A); *United States v. Clausen*, No. 00-291-2, 2020 U.S. Dist. LEXIS 131070, at *10 (E.D. Pa. July 24, 2020); *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020). "In making its decision, a court must also consider 'the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Berberena*, 694 F.3d 514, 521 (3d Cir. 2012) (quoting 18 U.S.C. §3582(c)(2)).

While courts have noted that the Sentencing Commission's applicable policy statement on what constitutes "extraordinary and compelling reasons' to warrant a sentence reduction is anachronistic because it has not been updated since passage of the First Step Act (FSA), they still continue to be guided by the Sentencing Commission's descriptions of 'extraordinary and compelling reason." *See, e.g. United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 U.S. Dist. LEXIS 58718, at *13 (E.D. Pa. Apr. 1, 2020). However, the Sentencing Commission's statements do not constrain the court's independent assessment of whether "extraordinary and compelling" reasons warrant a sentence reduction in light of the First Step Act's amendments. *Id.* Indeed, "the district courts themselves have the power to determine what constitute extraordinary and compelling reasons for compassionate release." *United States v. Cato*, No. 14-315-01, 2020 U.S. Dist. LEXIS 128142, at *2 (E.D. Pa. July 21, 2020).

### A. "Extraordinary and compelling reasons" warrant a reduction in Mr. Cabrera's sentence.

FCI Fort Dix is facing a serious and urgent health crisis. On March 11, 2020, the World Health Organization officially classified COVID-19, the respiratory illness caused

by a novel strain coronavirus, as a global pandemic.[1] On January 21, 2020, Washington State announced the first confirmed case in the United States.[2] Only two months later, COVID-19 had infected over 41,701 people across the United States, leading to 537 deaths.[3] The number of cases and deaths have risen exponentially, more than 14,000,000 infected people and 279, 634 deaths in the United States.[4] THESE NUMBERS ARE NOT CORRECT.  160K DEATHS IN US GET AN UPDATED ARTICLE THERE MUST BE 1000

Infections are increasing at an exponential rate.  The first case of coronavirus in Illinois was announced on January 30, 2020.  By March 14th, 2020, Illinois' reported 66 positive confirmed cases. Only one week later, Illinois State reported 753 positive cases. To date, the state has amassed 186,598 confirmed cases of the virus, with 7,747 deaths.[5] According to New Jersey Governor Murphy, the State of New Jersey has  experienced an enormous increase in new confirmed cases of COVID-19, recording an average of over 4,000 cases/day through the month of November and 5,673 recorded on today's date (December 4th, 2020) as of 2 p.m.[6] New Jersey is a hotspot of the pandemic.

---

[1] *WHO Characterizes COVID-19 as a Pandemic*, World Health Organization (Mar. 11 2020), at https://bit.ly/2W8dwpS.

[2] *First Patient with Wuhan Coronavirus is Identified in the U.S.,* The New York Times (Jan. 21, 2020), at https://www.nytimes.com/2020/01/21/health/cdc-coronavirus.html.

[3] *See Coronavirus Map: Tracking the Spread of the Outbreak*, The New York Times (December 4th, 2020), at https://nyti.ms/2t6WE75 (updating regularly).

[4] *Id.*

[5] *Id.*

[6] *New Cases Over Time (*December 4th, 2020*),* at https://Covid19.NJ.gov (updating daily).

**B. The after-effects of Covid-19 are serious, long-term, and not able to be properly monitored or treated by the Federal Bureau of Prisons.**

Post COVID-19 syndrome, or "long COVID-19", is a condition that some people who have contracted COVID-19 develop over time after the immediate effects of the virus have subsided.[7] COVID-19 patients who have recovered have exhibited long term after effects ranging from fatigue, shortness of breath, cough, joint pain, chest pain, muscle pain, headaches, loss of smell or taste, and skin disorders to organ damage (including the heart, lungs, and brain) to blood clots and blood vessel problems, to mood disorders and extreme fatigue.[8]

Particularly concerning as related to Mr. Cabrera, is the significant potential effects on mood and fatigue that may come to pass as a result of Mr. Cabrera's COVID-19 diagnosis. Though the novelty of the COVID-19 virus makes it difficult to predict long-term outcomes, scientists are looking at the long term effects in related viruses such as SARS to try to predict what COVID-19 patients can expect as they move past the acute onset of the virus. Documented long-term effects of SARS include chronic fatigue syndrome.[9]

Perhaps most concerning for COVID-19 survivors and their families, is the largely as yet unknown affect the virus will have over time. Researchers are recommending that

---

[7] *COVID-19 (coronavirus): Long-term effects,* MayoClinic.org (Nov. 17th, 2020), at https://www.mayoclinic.org/diseases-conditions/coronavirus/in-depth/coronavirus-long-term-effects/art-20490351

[8] Id. See Also, https://www.cdc.gov/coronavirus/2019-ncov/long-term-effects.html

[9] Id.

doctors closely monitor COVID-19 survivors for symptoms that could indicate organ damage or illnesses related to Post-COVID-19 Syndrome.[10]

Dr. Anthony Fauci, speaking at an event for the American Society of Microbiology in August 2020, warned that "later checkups with patients who 'recovered' from the virus 'have a substantially high proportion of cardiovascular abnormalities, evidence of myocarditis by MRI and PET scans, evidence of emerging cardiomyopathies.'"[11] It is clear that Alexis Cabrera, despite his relative youth, is still in grave danger of developing significant after-effects from the contracting of COVID-19 while in the custody of the Federal Bureau of Prisons.

Conditions of confinement at Fort Dix do not allow for proper aftercare and follow-up testing for COVID-19 survivors. Currently, Fort Dix FCI has 103 confirmed active cases among inmates and 33 confirmed active cases among staff. That number is bound to rise steeply because conditions of confinement at FCI Fort Dix create the ideal environment for the transmission of coronavirus. The facility is struggling to provide adequate quarantine and care for the 103 inmates already infected. It is unreasonable to assume that adequate aftercare will be provided, and release to home confinement of non-violent offenders such as Mr. Cabrera who are at extreme risk for developing serious, long-term after-effects of the COVID-19 is the only reasonable course of action under the circumstances.

---

[10] *Id.*

[11] https://spectrumnews1.com/ky/lexington/news/2020/08/20/dr--anthony-fauci-warns-of-covid-19-long-term-effects

**C. Alexis Cabrera has a stable home to live in, if released to home detention, where both he and the public will be safer.**

If released to home confinement, defendant will reside at his house at 2752 Fuller Street, Philadelphia, PA 19152. He will reside there with his wife (Shaniece Varela), his brother (Wilfredo Ortiz), and his father (Christian Ortiz).

Mr. Cabrera maintains the support of his extended family and will be seeking follow-up care at world class healthcare facilities such as Penn Medicine and Jefferson University Hospital, which should be covered under Ms. Varela's group health care plan.

## CONCLUSION

For the foregoing detailed in this application, Alexis Ortiz Cabrera respectfully requests that the Court modify his sentence under 18 U.S.C. Sect. 3582(c)(1)(A) and release him to home confinement or hold a hearing as soon as possible. Should the Court wish to hold a hearing, counsel waives Mr. Cabrera's presence.

Respectfully submitted,

*Robert Trimble //s//*

ROBERT E. TRIMBLE, P.C.
Attorney for Alexis Ortiz Cabrera
Suite 900
Two Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, Pennsylvania 19102
(267) 475-8775
(215) 940-2701 (fax)
robertetrimble@yahoo.com

## CERTIFICATE OF SERVICE

I, Robert E. Trimble, Esquire, hereby certify that I have sent a true and correct copy of the foregoing Motion for Compassionate Release to the following persons this day via the ECF filing system.

AUSA Elizabeth Abrams
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106-4476

Date: **1/20/21**

/s/ *Robert E. Trimble*
ROBERT E. TRIMBLE
Counsel to Alexis Ortiz Cabrera



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
P.O. Box 38
Joint Base MDL, New Jersey 08640

---

December 28, 2020

Robert Trimble
Two Penn Center, Suite 900
15th & John F. Kennedy Blvd.
Philadelphia, PA 19102

RE: Ortiz Cabrera, Alexis Omar
    Register Number 69781-066

Dear Mr. Trimble:

This is in response to your correspondence regarding Alexis Omar Ortiz Cabrera an inmate currently housed at the Federal Correctional Institution (FCI) Fort Dix, New Jersey. In your email you request inmate Ortiz Cabrera be considered for Compassionate Release/Reduction in Sentencing (RIS).

In accordance with Program Statement 5050.50, <u>Compassionate Release/Reduction in Sentence, Procedures for Implementation, 18 U.S.C. §3582(c)(1)(A) and 4205(g)</u>, an inmate may initiate a request for consideration only when there are particularly extraordinary or compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. The BOP has interpreted the extraordinary and compelling circumstances in a number of categories outlined in policy. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner.  Request should also include a release plan (i.e. release address, employment, medical, financial).

"Exhibit 1"

If you would like inmate Ortiz Cabrera to be considered for Compassionate Release/RIS, please re-submit your request with the one specific category, or inmate Ortiz Cabrera can re-submit a request on his own behalf. Inmate Ortiz Cabrera's Unit Team will provide him with a copy of this response.

I trust this information has addressed your concerns.

Sincerely,

David E. Ortiz
Warden

Cc: Ortiz Cabrera, Alexis Omar
    Registration Number 69781-066



U.S. Department of Justice
Federal Bureau of Prisons
Federal Correctional Institution
Please Reply to: WARDEN

☒ Care Services        ☐ FCI Fort Dix West
P.O. Box 38              P.O. Box 5000
Fort Dix, NJ 08640       Fort Dix, NJ 08640

☐ FCI Fort Dix East
P.O. Box 4000
Fort Dix, NJ 08640

Official Business

Robert Trimble
Two Penn Center, Suite 900
15th & John F. Kennedy Blvd.
Philadelphia, PA  19102